## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DAVID GONZALEZ,

      Plaintiff,                        CASE NO.

vs.

SCOTT ISRAEL,
IN HIS CAPACITY
AS SHERIFF
OF BROWARD COUNTY, FLORIDA,
and MIKE MANRESA
and JUSTIN LAMBERT,
individually,

      Defendants.

_____/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, by DAVID GONZALEZ [hereafter "PLAINTIFF"] against MIKE MANRESA [hereafter "DEFENDANT MANRESA"] and JUSTIN LAMBERT [hereafter "DEFENDANT LAMBERT"], individually, and SCOTT ISRAEL [hereafter "DEFENDANT SHERIFF"], in his capacity as SHERIFF OF BROWARD COUNTY, FLORIDA.

## BRIEF SUMMARY OF THE CASE

1.      On or about February 18, 2014, DEFENDANTS MANRESA and LAMBERT, acting under color of state law in their capacity as deputy sheriffs for DEFENDANT SCOTT ISRAEL, as SHERIFF of BROWARD COUNTY, FLORIDA, brutally beat and arrested PLAINTIFF without legal justification, thereby committing numerous state law torts and violating PLAINTIFF's federal civil rights.  Additionally, DEFENDANTS MANRESA and LAMBERT subsequently falsified sworn police reports and statements in an effort to cover up the unjustified and unlawful beating and arrest of PLAINTIFF.

2.      Specifically, PLAINTIFF was arrested for two counts of Resisting or Obstructing an Officer Without Violence to His or Her Person, pursuant to Florida Statute

843.02 (2013).  As a result of the actions of DEFENDANTS MANRESA and LAMBERT,

PLAINTIFF was subjected to unlawful and false arrest/false imprisonment, battery/excessive

force, malicious prosecution, and deprivations of his Fourth Amendment rights, privileges, or

immunity to be free from unreasonable searches and seizures, and to be free from the use of

excessive force.  Additionally, by falsifying sworn police reports and statements,

DEFENDANTS MANRESA and LAMBERT violated PLAINTIFF's Fourth and Fourteenth

Amendment Due Process rights.  Further, the actions of DEFENDANTS MANRESA and

LAMBERT constituted a retaliatory arrest and violated PLAINTIFF's First Amendment right to

freedom of speech.

   3.  DEFENDANT SHERIFF was on notice of DEFENDANT LAMBERT's

dangerous propensities and previous violations of citizens' constitutional rights.  DEFENDANT

SHERIFF failed to take sufficient actions to remedy the dangerous condition presented by

DEFENDANT LAMBERT's continued employment as a police officer.

<strong><u>JURISDICTION AND VENUE</u></strong>

   4.  This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the First,

Fourth, and Fourteenth Amendments of the United States Constitution, and the laws of the State

of Florida. The United States District Court for the Southern District of Florida has jurisdiction

of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court for

the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims

arising under State law, pursuant to U.S.C. § 1367(a).

   5.  The amount at issue in this case, excluding interest and costs, exceeds the

jurisdictional limits of this Court.

   6.  PLAINTIFF presented his claims in writing to DEFENDANT SHERIFF by

means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3)

years of the accrual of the causes of action.

7.      DEFENDANT SHERIFF never made final disposition of the written claims of PLAINTIFF within six (6) months of their presentation.

## PARTIES

8.      PLAINTIFF is a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

9.      At all times material, DEFENDANT MANRESA was acting under color of law as a deputy sheriff for DEFENDANT SHERIFF, and in such capacity as an agent, servant, and employee of DEFENDANT SHERIFF.

10.      At all times material, DEFENDANT LAMBERT was acting under color of law as a deputy sheriff for DEFENDANT SHERIFF, and in such capacity as an agent, servant, and employee of DEFENDANT SHERIFF.

11.      DEFENDANT SHERIFF, as SHERIFF of BROWARD COUNTY, FLORIDA, is the Sheriff of Broward County, Florida, as organized and existing under the Constitution and laws of the State of Florida. In this cause, DEFENDANT SHERIFF acted through his agents, employees, and servants, including DEFENDANTS MANRESA and LAMBERT.

## FACTS

12.      On February 18, 2014, at or about 7:54 pm, DEFENDANTS MANRESA and LAMBERT responded to a Texaco gas station located at 4517 N. Dixie Highway, in Deerfield Beach, Broward County, Florida.

13.      DEFENDANTS MANRESA and LAMBERT were dispatched in reference to a possible theft of candy and beer from the Texaco station convenience store.

14.      Upon arrival, DEFENDANT MANRESA spoke with Mohamad Kabir, the manager of the Texaco.

15.      As DEFENDANT MANRESA was exiting the gas station convenience store, DEFENDANT LAMBERT arrived as a backup deputy.

16.      DEFENDANTS MANRESA and LAMBERT drove behind the gas station and

located PLAINTIFF, who was speaking with friends that live in the area behind the gas station.

17.     DEFENDANT MANRESA ordered PLAINTIFF to return to the front of the gas station so DEFENDANTS MANRESA and LAMBERT could conduct an investigation.

18.     PLAINTIFF complied with DEFENDANT MANRESA's order.

19.     At the front of the gas station, DEFENDANTS MANRESA and LAMBERT accused PLAINTIFF of committing a theft inside the gas station convenience store.

20.     PLAINTIFF vehemently and adamantly denied committing any theft.

21.     DEFENDANT MANRESA entered the convenience store again, while DEFENDANT LAMBERT remained with PLAINTIFF.

22.     When DEFENDANT MANRESA exited the convenience store seconds later, he requested that PLAINTIFF provide his driver license.

23.     PLAINTIFF immediately complied, handing his license to DEFENDANT MANRESA.

24.     While DEFENDANT MANRESA was in possession of PLAINTIFF's driver license and conducting a teletype check, DEFENDANT LAMBERT approached PLAINTIFF, stood within inches of PLAINTIFF's face, menacingly confronted PLAINTIFF without justification, and remained within inches of PLAINTIFF's face for almost ten seconds.

25.      Once DEFENDANT LAMBERT retreated a few feet, DEFENDANT MANRESA joined DEFENDANT LAMBERT and both stood in front of PLAINTIFF for approximately forty seconds as PLAINTIFF again vehemently and adamantly denied committing a theft.

26.     DEFENDANT LAMBERT then punched PLAINTIFF in his face or neck.

27.     DEFENDANTS MANRESA and LAMBERT moved closer to PLAINTIFF, and seconds later, DEFENDANT LAMBERT again punched PLAINTIFF in his face or neck.

28.     After punching PLAINTIFF in his face or neck a second time, DEFENDANT LAMBERT immediately grabbed PLAINTIFF by his shirt or neck with both hands.

29.     DEFENDANT MANRESA joined DEFENDANT LAMBERT in grabbing PLAINTIFF near his right arm or shoulder.

30.     DEFENDANTS MANRESA and LAMBERT then threw and smashed PLAINTIFF's face and body on the hard ground, knocking him unconscious.

31.     At no time did PLAINTIFF strike or attempt to strike DEFENDANT MANRESA or DEFENDANT LAMBERT, or resist arrest in any way, including resisting being handcuffed.

32.     DEFENDANTS MANRESA and LAMBERT handcuffed PLAINTIFF as he lay motionless.

33.     DEFENDANT MANRESA searched PLAINTIFF's pockets for approximately two minutes while kicking and rolling his unconscious, bleeding body over as DEFENDANT LAMBERT stood over PLAINTIFF.

34.     Approximately three minutes after knocking PLAINTIFF unconscious, DEFENDANT LAMBERT decided it was appropriate to call for emergency medical aid.

35.     DEFENDANTS MANRESA and LAMBERT then stood around for a few minutes waiting for PLAINTIFF to regain consciousness.

36.     DEFENDANT MANRESA then propped PLAINTIFF up in a sitting position while they waited for emergency medical aid to arrive.

37.     Minutes later, medical aid arrived as PLAINTIFF remained handcuffed in a seated position on the ground.

38.     PLAINTIFF was subsequently helped onto a stretcher, placed in an emergency vehicle, and transported to North Broward Medical Center's (aka Broward Health North) Emergency Department for medical treatment.

39.     As a result of DEFENDANT MANRESA's and DEFENDANT LAMBERT's actions, PLAINTIFF suffered significant injuries including, but not limited to:  multiple comminuted fractures in the left side of his face, which includes the anterior and posterolateral

wall of the left maxillary sinus extending into the inferior left orbital wall; comminuted, depressed fracture of the zygomatic arch on the left side; proptosis of the left eye; facial fracture involving the superior orbital wall involving the left frontal sinus; blood in the left maxillary sinus; preseptal soft tissue swelling; zygomatic arch fracture involving the glenoid fossa; various neck and back injuries and/or severe exacerbation of previous neck and back injuries.

40.     DEFENDANTS MANRESA and LAMBERT found no evidence to support arresting PLAINTIFF for theft, nor did they ever arrest PLAINTIFF for theft, or subsequently charge PLAINTIFF with theft.

41.     PLAINTIFF was arrested for two counts of resisting an officer without violence, pursuant to Florida Statute 843.02 (2012).

42.     Upon being medically cleared from the hospital, PLAINTIFF was transported to the Main Jail in Broward County, Florida.

43.     PLAINTIFF remained in jail until he posted bond for the charges for which he was arrested.

44.     DEFENDANT MANRESA authored a false police report, wherein he fabricated numerous significant facts in an effort to support the false arrest and gratuitous violence, and in retaliation for PLAINTIFF exercising his protected speech.

45.     Among other significant fabrications, DEFENDANT MANRESA swore under oath that PLAINTIFF resisted arrest.  Specifically, DEFENDANT MANRESA asserted that he "attempted holding [PLAINTIFF] against the wall to calm him and place him in handcuffs, but he pushed his body forward."  DEFENDANT MANRESA further asserted that PLAINTIFF "attempted to pull his hands away" from DEFENDANT MANRESA's and DEFENDANT LAMBERT's grasp.

46.     DEFENDANT LAMBERT authored a case supplemental report, wherein he fabricated numerous significant facts in an effort to support the false arrest, gratuitous violence, and retaliation for PLAINTIFF exercising his protected speech.

47.      Among other significant fabrications, DEFENDANT LAMBERT asserted that he and DEFENDANT MANRESA "tried to push [PLAINTIFF] up against the gas station wall, to handcuff him for his and our safety.  [PLAINTIFF] pushed himself off the wall.  We attempted to push [PLAINTIFF] up against the wall a second time, continuing to struggle and attempt to pull away from us."

48.      At all times material hereto, it was clearly established that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 107 S. Ct. 2502, 2510 (1987).

49.      At all times material hereto, it was clearly established that speech is protected under the First Amendment as long as it does not physically obstruct the officer and is not "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009-10.

50.      As a proximate cause of DEFENDANT MANRESA's and DEFENDANT LAMBERT's fabrications and material omissions in the police reports, PLAINTIFF was formally charged via information by the Broward County Office of the State Attorney on March 13, 2014, with one count of resisting an officer without violence.

51.      On April 16, 2014, DEFENDANT MANRESA gave a sworn deposition in reference to PLAINTIFF's criminal matter, at which time he again fabricated numerous significant facts in an effort to support the false arrest, gratuitous violence, and then-pending criminal charges against PLAINTIFF.

52.      On May 7, 2014, after having watched the video surveillance of the incident, the Broward County Office of the State Attorney dropped (via a *nolle prosse*) the charge against PLAINTIFF.

53.      DEFENDANT LAMBERT has previously acted in an almost identical manner as he did in the instant case.

54.     On December 5, 2009, DEFENDANT LAMBERT falsely arrested and unnecessarily beat Jorge Rodriguez, and fabricated numerous significant facts causing Rodriguez to be prosecuted.

55.     As a result of DEFENDANT LAMBERT's actions toward Rodriguez, DEFENDANT LAMBERT and several other deputies were sued in United States District Court, Southern District of Florida, as was DEFENDANT SHERIFF, in Case Number 12-cv-60844.

56.     DEFENDANT SHERIFF and/or agents acting on his behalf were aware of the specific unlawful conduct committed by DEFENDANT LAMBERT.

57.     DEFENDANT SHERIFF and/or agents acting on his behalf failed to take any remotely reasonable measures to prevent a similar event from occurring in the future.

58.     On May 25, 2000, DEFENDANT LAMBERT was hired by DEFENDANT SHERIFF as a Detention Deputy Cadet.

59.     At all times material hereto, when DEFENDANT SHERIFF hired DEFENDANT LAMBERT on May 25, 2000, DEFENDANT SHERIFF was aware that DEFENDANT LAMBERT was previously arrested or detained in Broward County for, and formally charged with, the criminal offense of strong arm robbery.

60.     DEFENDANT LAMBERT's first day of work for DEFENDANT SHERIFF was June 12, 2000.

61.     Effective October 12, 2000, DEFENDANT LAMBERT was terminated by DEFENDANT SHERIFF.

62.     DEFENDANT LAMBERT's October 12, 2000 termination was the result of substandard performance.  Specifically, he was terminated because he failed to meet probationary standards and failed to satisfactorily complete the agency field training program.

63.     On December 13, 2000, DEFENDANT LAMBERT failed the Florida Officer Certification Examination, one of the prerequisites for certification as an officer.

64.     At all times material hereto, DEFENDANT SHERIFF was aware that

DEFENDANT LAMBERT failed the December 13, 2000 Florida Officer Certification Examination.

65.      On January 31, 2001, DEFENDANT LAMBERT retook and passed the Florida Officer Certification Examination.

66.      On or about February 26, 2001, DEFENDANT LAMBERT was rehired by DEFENDANT SHERIFF, this time as a Certified Detention Deputy.

67.      On or about June 14, 2004, DEFENDANT LAMBERT submitted an application to DEFENDANT SHERIFF for a law enforcement position.

68.      At all times material hereto, DEFENDANT SHERIFF was aware when considering DEFENDANT's June 14, 2004 application for a law enforcement position that DEFENDANT LAMBERT had applied, and been rejected, by four different law enforcement agencies within the previous year for a law enforcement position, including once by DEFENDANT SHERIFF in approximately December, 2003.

69.      At all times material hereto, DEFENDANT SHERIFF was aware when considering DEFENDANT's June 14, 2004 application for a law enforcement position that DEFENDANT LAMBERT had received written reprimands or suspensions during his employment as a Detention Deputy.

70.      On or about August 3, 2004, DEFENDANT LAMBERT was conditionally hired by DEFENDANT SHERIFF as a Certified Deputy Sheriff.

71.      On or about January 27, 2005, DEFENDANT LAMBERT was hired by DEFENDANT SHERIFF as a Certified Deputy Sheriff.

72.      At all times material hereto, DEFENDANT SHERIFF was aware that DEFENDANT LAMBERT:  a) was terminated by DEFENDANT SHERIFF for failing to meet probationary standards; b) failed the December 13, 2000 Florida Officer Certification Examination; c) was given written reprimands and/or suspensions during his employment with DEFENDANT SHERIFF as a Detention Deputy; d) was rejected as a law enforcement officer

applicant by four separate law enforcement agencies, including by DEFENDANT SHERIFF; and

e) was the primary cause, based on false arrests and use of gratuitous violence, of a previous

lawsuit against DEFENDANT SHERIFF and DEFENDANT LAMBERT.

## CAUSES OF ACTION

### COUNT 1

### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT SHERIFF

For his cause of action against DEFENDANT SHERIFF in Count 1, PLAINTIFF

GONZALEZ states:

73.      PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 1,

the allegations of paragraphs 1 through 72.

74.      DEFENDANTS LAMBERT and MANRESA intentionally inflicted harmful or

offensive contact upon the person of PLAINTIFF GONZALEZ.

75.      The contact occurred without PLAINTIFF GONZALEZ'S consent.

76.      The intentional harmful or offensive contact upon the person of PLAINITFF

GONZALEZ by DEFENDANTS LAMBERT and MANRESA was committed in the course and

scope of their employment as police officers employed by DEFENDANT SHERIFF, and

DEFENDANT SHERIFF is thus vicariously liable for their conduct.

77.      As police officers and employees of DEFENDANT SHERIFF, DEFENDANTS

LAMBERT and MANRESA were subject to DEFENDANT SHERIFF's supervision and

control.

78.      As a direct and proximate result of the intentionally inflicted harmful or

offensive contact, PLAINTIFF GONZALEZ has suffered grievously, has been brought into

public scandal, with great humiliation, and suffered significant physical injury, emotional,

mental, and psychological injury, and damaged reputation.

79.      As a further direct and proximate result of the intentionally inflicted harmful or

offensive contact, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

80.     The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory and economic damages against DEFENDANT SHERIFF in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## ALTERNATIVELY TO COUNT 1, STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT LAMBERT

For his cause of action against DEFENDANT LAMBERT individually in Count 2, PLAINTIFF GONZALEZ states:

81.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 72.

82.     DEFENDANT LAMBERT intentionally inflicted harmful or offensive contact upon the person of PLAINTIFF GONZALEZ.

83.     The contact occurred without PLAINTIFF GONZALEZ'S consent.

84.     Alternatively to Count 1, the intentional harmful or offensive contact upon the person of PLAINTIFF GONZALEZ by DEFENDANT LAMBERT was committed while acting outside the course and scope of his employment as a police officer employed by DEFENDANT SHERIFF, or was committed in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety, or property.

85.     As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

86.     As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

87.     The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT LAMBERT in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

## ALTERNATIVELY TO COUNT 1, STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT MANRESA

For his cause of action against DEFENDANT MANRESA individually in Count 3, PLAINTIFF GONZALEZ states:

88.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 72.

89.     DEFENDANT MANRESA intentionally inflicted harmful or offensive contact

upon the person of PLAINTIFF GONZALEZ.

90. The contact occurred without PLAINTIFF GONZALEZ'S consent.

91. Alternatively to Count 1, the intentional harmful or offensive contact upon the person of PLAINITFF GONZALEZ by DEFENDANT MANRESA was committed while acting outside the course and scope of his employment as a police officer employed by DEFENDANT SHERIFF, or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

92. As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

93. As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

94. The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A. Judgment for compensatory damages against DEFENDANT MANRESA in excess of $15,000;

B. Cost of suit;

C. Trial by jury as to all issues so triable;

D. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

## STATE LAW CLAIM OF NEGLIGENT RETENTION OR SUPERVISION AGAINST DEFENDANT SHERIFF

For his cause of action against DEFENDANT SHERIFF in Count 4, PLAINTIFF GONZALEZ states:

95.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 72.

96.     Prior to February 18, 2014, DEFENDANT LAMBERT engaged in or showed a propensity to engage in conduct that is in its nature dangerous to members of the general public.

97.     Prior to February 18, 2014, DEFENDANT SHERIFF had notice that DEFENDANT LAMBERT had acted, or in all probability would act, in a manner dangerous to other persons.

98.     Prior to February 18, 2014, DEFENDANT SHERIFF had the ability to control DEFENDANT LAMBERT such as to have substantially reduced the probability of harm to other persons.

99.     PLAINTIFF GONZALEZ was in fact injured by an act of DEFENDANT LAMBERT that could reasonably have been anticipated by DEFENDANT SHERIFF and that by exercising due diligence and authority over DEFENDANT LAMBERT, DEFENDANT SHERIFF might reasonably have prevented.

100.     PLAINTIFF GONZALEZ was within a zone of risk that was reasonably foreseeable to DEFENDANT SHERIFF, created by DEFENDANT SHERIFF's retention of DEFENDANT LAMBERT as a deputy sheriff despite his history of previous conduct in such a capacity.

101.     By such acts or omissions, DEFENDANT SHERIFF breached his duty to PLAINTIFF GONZALEZ to exercise reasonable care in retaining employees, because

DEFENDANT SHERIFF was placed on actual or constructive notice of DEFENDANT LAMBERT's dangerous tendencies, nature, or character, and it was unreasonable for DEFENDANT SHERIFF to not take sufficient corrective action in the form of appropriate investigation, supervision, reassignment, or discharge.

102. As a direct and proximate result of DEFENDANT SHERIFF's negligent retention or supervision of DEFENDANT LAMBERT, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

103. As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

104. The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A. Judgment for compensatory damages against DEFENDANT SHERIFF in excess of $15,000;

B. Cost of suit;

C. Trial by jury as to all issues so triable;

D. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

## STATE LAW CLAIM OF MALICIOUS PROSECUTION AGAINST DEFENDANT LAMBERT

For his cause of action against DEFENDANT LAMBERT individually in Count 5, PLAINTIFF GONZALEZ states:

105.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 72.

106.     Criminal proceedings were initiated against DEFENDANT GONZALEZ by the State of Florida.

107.     DEFENDANT LAMBERT was the legal cause of the initiation of the criminal proceedings, as DEFENDANT LAMBERT authored a sworn, false case supplemental report, fabricating acts and conduct that would constitute a crime by PLAINTIFF GONZALEZ, in an attempt to justify DEFENDANT LAMBERT's use of force against PLAINTIFF GONZALEZ.

108.     DEFENDANT LAMBERT submitted, or caused to be submitted, to the Office of the State Attorney, sworn, fabricated documents, including but not limited to his sworn, false case supplemental report, (hereinafter, "DEFENDANT LAMBERT's Fabricated Documents"), that were the basis upon which the Office of the State Attorney filed one count of resisting an officer without violence against PLAINTIFF GONZALEZ, pursuant to Florida Statute 843.02.

109.     At all times material hereto, DEFENDANT LAMBERT knew that DEFENDANT LAMBERT''s Fabricated Documents would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against PLAINTIFF GONZALEZ.

110.     The termination of the aforementioned criminal case constituted a bona fide resolution of that proceeding in favor of PLAINTIFF GONZALEZ.

111.     There was an absence of probable cause for the criminal proceedings.

112.     DEFENDANT LAMBERT acted with malice by submitting, or causing the submission of, DEFENDANT LAMBERT's Fabricated Documents to the Office of the State Attorney, which were the basis of criminal charges being brought against PLAINTIFF GONZALEZ.

113.     PLAINTIFF GONZALEZ suffered damage as a result of the criminal proceedings that were commenced as a result of DEFENDANT LAMBERT's malicious

prosecution.

114.    PLAINTIFF GONZALEZ's damages include, but are not limited to, spending

time in jail, the cost of bond, cost of defense, damage to his reputation, and psychological and

emotional harm brought on by the ordeal of facing false criminal charges.

115.    As a direct and proximate result of DEFENDANT LAMBERT's actions,

PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with

great humiliation, mental suffering, and damaged reputation.

116.    As a further direct and proximate result of DEFENDANT LAMBERT's

malicious prosecution, PLAINTIFF GONZALEZ has further suffered mental anguish, endured

suffering and aggravation of his physical and mental condition, suffered a damaged reputation,

loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond

and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.    Judgment for compensatory damages against DEFENDANT LAMBERT in

excess of $15,000;

B.    Cost of suit;

C.    Trial by jury as to all issues so triable;

D.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

## STATE LAW CLAIM OF MALICIOUS PROSECUTION AGAINST DEFENDANT MANRESA

For his cause of action against DEFENDANT MANRESA individually in Count 6,

PLAINTIFF GONZALEZ states:

117.    PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 6,

the allegations of paragraphs 1 through 72.

118.    Criminal proceedings were commenced and continued against DEFENDANT

GONZALEZ by the State of Florida.

119.     DEFENDANT MANRESA was the legal cause of the commencement and continuation of the criminal proceedings, as DEFENDANT MANRESA submitted, or caused the submission of, sworn, fabricated documents, including but not limited to, his sworn, false case police report, (hereinafter, "DEFENDANT MANRESA's Fabricated Documents"), that were the basis upon which the Office of the State Attorney filed one count of resisting an officer without violence against PLAINTIFF GONZALEZ, pursuant to Florida Statute 843.02.

120.     At all times material hereto, DEFENDANT MANRESA knew that DEFENDANT MANRESA's Fabricated Documents would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against PLAINTIFF GONZALEZ.

121.     Additionally, DEFENDANT MANRESA later gave a sworn deposition in reference to PLAINTIFF's criminal matter, at which time he again fabricated numerous significant facts in an effort to support the false arrest and gratuitous violence, and to cause the continuation of the then-pending criminal charges against PLAINTIFF.

122.     The termination of the aforementioned criminal case constituted a bona fide resolution of that proceeding in favor of PLAINTIFF GONZALEZ.

123.     There was an absence of probable cause for the criminal proceedings.

124.     DEFENDANT MANRESA acted with malice by submitting, or causing the submission of, DEFENDANT MANRESA's Fabricated Documents to the Office of the State Attorney, which were the basis of criminal charges being brought against PLAINTIFF GONZALEZ.

125.     PLAINTIFF GONZALEZ suffered damage as a result of the criminal proceedings that were initiated as a result of DEFENDANT MANRESA's malicious prosecution.

126.     PLAINTIFF GONZALEZ's damages include, but are not limited to, spending

time in jail, the cost of bond, cost of defense, damage to his reputation, and psychological and emotional harm brought on by the ordeal of facing false criminal charges.

127.     As a direct and proximate result of DEFENDANT MANRESA's actions, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

128.     As a further direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT MANRESA in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 7

## STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT LAMBERT

For his cause of action against DEFENDANT LAMBERT individually in Count 7, PLAINTIFF GONZALEZ states:

129.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 7, the allegations of paragraphs 1 through 72.

130.     DEFENDANT LAMBERT, while in uniform and working as a police officer, viciously attacked PLAINTIFF GONZALEZ, causing severe injury.

131.     DEFENDANT LAMBERT then authored a sworn, false, case supplemental

report, fabricating acts and conduct that would constitute a crime by PLAINTIFF GONZALEZ, in an attempt to justify DEFENDANT LAMBERT's use of force against PLAINTIFF GONZALEZ.

132.    DEFENDANT LAMBERT's conduct was intentional or reckless, in that when he committed the aforementioned acts, he intended his behavior when he knew or should have known that severe emotional distress to PLAINTIFF GONZALEZ would likely result.

133.    The aforementioned conduct by DEFENDANT LAMBERT was outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

134.    The conduct caused severe emotional distress in PLAINTIFF GONZALEZ.

135.    As a direct and proximate result of DEFENDANT LAMBERT's actions, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered severe emotional, mental, and psychological injury, and damaged reputation.

136.    As a further direct and proximate result of DEFENDANT LAMBERT's actions, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.      Judgment for compensatory damages against DEFENDANT LAMBERT in excess of $15,000;

B.      Cost of suit;

C.      Trial by jury as to all issues so triable;

D.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 8

## STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT MANRESA

For his cause of action against DEFENDANT MANRESA individually in Count 8,

PLAINTIFF GONZALEZ states:

137.    PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 8,

the allegations of paragraphs 1 through 72.

138.    DEFENDANT MANRESA, while in uniform and working as a police officer,

viciously attacked PLAINTIFF GONZALEZ, causing severe injury.

139.    DEFENDANT MANRESA then authored a sworn, false police report, wherein

he fabricated numerous significant facts in an effort to support the false arrest and gratuitous

violence.

140.    DEFENDANT MANRESA later gave a sworn deposition in reference to

PLAINTIFF's criminal matter, at which time he again fabricated numerous significant facts in an

effort to support the false arrest and gratuitous violence, and to cause the continuation of the

then-pending criminal charges against PLAINTIFF.

141.    DEFENDANT MANRESA's conduct was intentional or reckless, in that when

he committed the aforementioned acts, he intended his behavior when he knew or should have

known that severe emotional distress to PLAINTIFF GONZALEZ would likely result.

142.    The aforementioned conduct by DEFENDANT MANRESA was outrageous, as

to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a

civilized community.

143.    The conduct caused severe emotional distress in PLAINTIFF GONZALEZ.

144.    As a direct and proximate result of DEFENDANT MANRESA's actions,

PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with

great humiliation, and suffered severe emotional, mental, and psychological injury, and damaged reputation.

145.     As a further direct and proximate result of DEFENDANT MANRESA's actions, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT MANRESA in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 9

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF FALSE IMPRISONMENT AGAINST DEFENDANT SHERIFF

For his cause of action against DEFENDANT SHERIFF in Count 9, PLAINTIFF GONZALEZ states:

146.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 9, the allegations of paragraphs 1 through 72.

147.     DEFENDANTS LAMBERT and/or MANRESA unlawfully detained PLAINTIFF GONZALEZ and deprived PLAINTIFF GONZALEZ of his liberty.

148.     The unlawful detention and deprivation of liberty was against PLAINTIFF GONZALEZ's will.

149.     DEFENDANTS LAMBERT and/or MANRESA acted without legal authority or color of authority in the unlawful detention of PLAINTIFF GONZALEZ and the deprivation

of PLAINTIFF GONZALEZ's liberty.

150.     The unlawful detention of PLAINTIFF GONZALEZ and deprivation of PLAINTIFF GONZALEZ's liberty were unreasonable and unwarranted under the circumstances.

151.     The unlawful detention and deprivation of PLAINITFF GONZALEZ's liberty against his will without legal authority or color of authority which was unreasonable and unwarranted under the circumstances, committed by DEFENDANTS LAMBERT and/or MANRESA, were committed in the course and scope of their employment as police officers employed by DEFENDANT SHERIFF, and DEFENDANT SHERIFF is thus vicariously liable for their conduct.

152.     As a direct and proximate result of DEFENDANT LAMBERT's and/or MANRESA's actions, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

153.     As a further direct and proximate result of DEFENDANT LAMBERT's and/or MANRESA's actions, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT SHERIFF in excess of $15,000;

B.     Cost of suit, including reasonable attorneys fees;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 10

## ALTERNATIVELY TO COUNT 9, STATE LAW CLAIM OF FALSE IMPRISONMENT AGAINST DEFENDANT MANRESA

For his cause of action against DEFENDANT MANRESA individually in Count 10, PLAINTIFF GONZALEZ states:

154.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 10, the allegations of paragraphs 1 through 72.

155.     DEFENDANT MANRESA unlawfully detained PLAINTIFF GONZALEZ and deprived PLAINTIFF GONZALEZ of his liberty.

156.     The unlawful detention and deprivation of liberty was against PLAINTIFF GONZALEZ's will.

157.     DEFENDANT MANRESA acted without legal authority or color of authority in the unlawful detention of PLAINTIFF GONZALEZ and the deprivation of PLAINTIFF GONZALEZ's liberty.

158.     The unlawful detention of PLAINTIFF GONZALEZ and deprivation of PLAINTIFF GONZALEZ's liberty were unreasonable and unwarranted under the circumstances.

159.     Alternatively to Count 9, the unlawful detention and deprivation of PLAINITFF GONZALEZ's liberty against his will without legal authority or color of authority which was unreasonable and unwarranted under the circumstances, committed by DEFENDANT MANRESA, were committed while acting outside the course and scope of his employment as a police officer employed by DEFENDANT SHERIFF, or were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

160.     As a direct and proximate result of DEFENDANT MANRESA's actions,

PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with

great humiliation, and suffered significant physical injury, emotional, mental, and psychological

injury, and damaged reputation.

161.     As a further direct and proximate result of DEFENDANT MANRESA's

actions, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and

aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity

for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and

personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT MANRESA in

excess of $15,000;

B.     Cost of suit, including reasonable attorneys fees;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 11

## ALTERNATIVELY TO COUNT 9, STATE LAW CLAIM OF FALSE IMPRISONMENT AGAINST DEFENDANT LAMBERT

For his cause of action against DEFENDANT LAMBERT individually in Count 11,

PLAINTIFF GONZALEZ states:

162.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 11,

the allegations of paragraphs 1 through 72.

163.     DEFENDANT LAMBERT unlawfully detained PLAINTIFF GONZALEZ and

deprived PLAINTIFF GONZALEZ of his liberty.

164.     The unlawful detention and deprivation of liberty was against PLAINTIFF

GONZALEZ's will.

165.     DEFENDANT LAMBERT acted without legal authority or color of authority in the unlawful detention of PLAINTIFF GONZALEZ and the deprivation of PLAINTIFF GONZALEZ's liberty.

166.     The unlawful detention of PLAINTIFF GONZALEZ and deprivation of PLAINTIFF GONZALEZ's liberty were unreasonable and unwarranted under the circumstances.

167.     Alternatively to Count 9, the unlawful detention and deprivation of PLAINITFF GONZALEZ's liberty against his will without legal authority or color of authority which was unreasonable and unwarranted under the circumstances, committed by DEFENDANT LAMBERT, were committed while acting outside the course and scope of his employment as a police officer employed by DEFENDANT SHERIFF, or were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

168.     As a direct and proximate result of DEFENDANT LAMBERT's actions, PLAINTIFF GONZALEZ has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation.

169.     As a further direct and proximate result of DEFENDANT LAMBERT's actions, PLAINTIFF GONZALEZ has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition, suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, and personal humiliation.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT LAMBERT in excess of $15,000;

B.     Cost of suit, including reasonable attorneys fees;

C.     Trial by jury as to all issues so triable;

D.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 12

## FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT LAMBERT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT LAMBERT individually in Count 12, PLAINTIFF states:

170.    PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 12, the allegations of paragraphs 1 through 72.

171.    When DEFENDANT LAMBERT was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT SHERIFF, DEFENDANT LAMBERT subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

172.    With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT LAMBERT were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

173.    As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

174.    As a further direct and proximate result of the conduct of DEFENDANT

LAMBERT, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of

income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of

life.  PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the

losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to

pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.      Judgment for compensatory damages against DEFENDANT LAMBERT in

excess of $15,000;

B.      Judgment for exemplary damages;

C.      Cost of suit;

D.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.      Trial by jury as to all issues so triable; and

F.      Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 13

### FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT MANRESA, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT MANRESA individually in Count 13,

PLAINTIFF states:

175.      PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 13,

the allegations of paragraphs 1 through 72.

176.      When DEFENDANT MANRESA was acting under the authority of the State of

Florida and under color of law as a law enforcement officer employed by DEFENDANT

SHERIFF, DEFENDANT MANRESA subjected PLAINTIFF to the deprivation of the rights and

privileges secured to him by the Constitution of the United States, including the right not to be

deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the

Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

177. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT MANRESA were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

178. As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

179. As a further direct and proximate result of the conduct of DEFENDANT MANRESA, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A. Judgment for compensatory damages against DEFENDANT MANRESA in excess of $15,000;

B. Judgment for exemplary damages;

C. Cost of suit;

D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E. Trial by jury as to all issues so triable; and

F. Such other relief as this Honorable Court may deem just and appropriate.

<u>COUNT 14</u>

## <u>FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST</u><br><u>DEFENDANT LAMBERT, COGNIZABLE UNDER 42 U.S.C. § 1983</u>

For his cause of action against DEFENDANT LAMBERT individually in Count 14,

PLAINTIFF states:

180.     PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 14,

the allegations of paragraphs 1 through 72.

181.     DEFENDANT LAMBERT's arrest of PLAINTIFF was in retaliation for

PLAINTIFF's statements to LAMBERT, and in the absence of probable cause that PLAINTIFF

committed any criminal offense.  *Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006).

182.     The arrest of PLAINTIFF by DEFENDANT LAMBERT occurred in the

absence of probable cause that PLAINTIFF committed any criminal offense, and would likely

deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of

DEFENDANT LAMBERT toward PLAINTIFF constitutes unlawful retaliation in violation of

PLAINTIFF's clearly established rights under the First and Fourteenth Amendments, and 42

U.S.C. § 1983.

183.     As a direct and proximate result of the acts described above, in violation of 42

U.S.C. § 1983, PLAINTIFF has suffered grievously, has been brought into public scandal, with

great humiliation, and suffered significant physical injury, emotional, mental, and psychological

injury, and damaged reputation, including business reputation/goodwill.

184.     As a further direct and proximate result of the conduct of DEFENDANT

LAMBERT, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of

income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of

life.  The losses are either permanent of continuing and PLAINTIFF will suffer the losses in the

future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the

undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.     Judgment for compensatory damages against DEFENDANT LAMBERT in

excess of $15,000;

B.     Judgment for exemplary damages;

C.     Cost of suit;

D.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.     Trial by jury as to all issues so triable; and

F.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 15

### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT MANRESA, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT MANRESA individually in Count 15,

PLAINTIFF states:

185.     PLAINTIFF realleges and adopts, as if fully set forth in Count 15, the

allegations of paragraphs 1 through 72.

186.     DEFENDANT MANRESA's arrest of PLAINTIFF was in retaliation for

PLAINTIFF's statements to DEFENDANT MANRESA, and in the absence of probable cause

that PLAINTIFF committed any criminal offense. *Davis v. Williams*, 451 F.3d 759, 767 (11th

Cir. 2006).

187.     The arrest of PLAINTIFF by DEFENDANT MANRESA occurred in the

absence of probable cause that PLAINTIFF committed any criminal offense, and would likely

deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of

DEFEENDANT MANRESA toward PLAINTIFF constitutes unlawful retaliation in violation of

PLAINTIFF's clearly established rights under the First and Fourteenth Amendments, and 42

U.S.C. § 1983.

188.     As a direct and proximate result of the acts described above, in violation of 42

U.S.C. § 1983, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

189.    As a further direct and proximate result of the conduct of DEFENDANT MANRESA, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life.  The losses are either permanent of continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.    Judgment for compensatory damages against DEFENDANT MANRESA in excess of $15,000;

B.    Judgment for exemplary damages;

C.    Cost of suit;

D.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.    Trial by jury as to all issues so triable; and

F.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT 16**

**MONELL CLAIM FOR FAILURE TO ACT AGAINST DEFENDANT SHERIFF, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against DEFENDANT SHERIFF in Count 16, PLAINTIFF states:

190.    PLAINTIFF GONZALEZ realleges and adopts, as if fully set forth in Count 16, the allegations of paragraphs 1 through 72.

191.    While DEFENDANT LAMBERT was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT SHERIFF, DEFENDANT LAMBERT subjected PLAINTIFF to the deprivation of the rights and

privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful arrest and excessive force under the Fourth Amendment, deprivation of Due Process rights under the Fourth and/or Fourteenth Amendments by the presentation of fabricated and falsely incriminating police reports to the prosecuting authority, and retaliatory arrest against PLAINTIFF for exercising his First Amendment rights to free speech, all within the meaning of 42 U.S.C. § 1983.

192.    On December 6, 2009, previous to the date DEFENDANT LAMBERT committed the aforementioned acts against PLAINTIFF, DEFENDANT LAMBERT used excessive force against a similarly situated Plaintiff, Jorge Rodriguez, falsely arrested/falsely imprisoned Jorge Rodriguez, presented fabricated and falsely incriminating police reports to the prosecuting authority in connection with Jorge Rodriguez's arrest, and carried out a retaliatory arrest against Jorge Rodriguez for exercising his First Amendment right to free speech.

193.    DEFENDANT LAMBERT thereby previously engaged in a nearly identical course of conduct against Rodriguez, a Hispanic male of similar age to PLAINTIFF.

194.    DEFENDANT LAMBERT was sued under 42 U.S.C. 1983 for his conduct against Jorge Rodriguez and other individuals.  Those lawsuits resolved, one via settlement and one via jury verdict, for approximately $600,000.

195.    The aforementioned previous unlawful and harmful actions committed by DEFENDANT LAMBERT against Jorge Rodriguez, taken in his official capacity as a law enforcement officer and employee of DEFENDANT SHERIFF, placed DEFENDANT SHERIFF on actual or constructive notice of the dangerous propensities toward excessive force, fabrication of evidence, retaliatory arrest, and/or ethnic animus by DEFENDANT LAMBERT.

196.    DEFENDANT SHERIFF failed to take sufficient actions to remedy the dangerous condition presented by DEFENDANT LAMBERT's continued employment as a police officer, including but not limited to, failing to provide sufficient remedial training for DEFENDANT LAMBERT, failing to discipline DEFENDANT LAMBERT for his conduct,

failing to reassign DEFENDANT LAMBERT to a different detail, failing to adequately supervise DEFENDANT LAMBERT, or failing to place DEFENDANT LAMBERT on probation.

197.    The failure to act on behalf of DEFENDANT SHERIFF constitutes deliberate indifference to PLAINTIFF's civil rights, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. 1983.

198.    The failure to act by DEFENDANT SHERIFF was the moving force behind the violation of PLAINTIFF's civil rights.

199.    As a direct and proximate result of the failure to act described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental and psychological injury, and damaged reputation, including business reputation/goodwill.

200.    As a further direct and proximate result of the omissions of DEFENDANT SHERIFF, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINTIFF GONZALEZ prays:

A.    Judgment for compensatory damages against DEFENDANT SHERIFF in excess of $15,000;

B.    Judgment for exemplary damages;

C.    Cost of suit;

D.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

E.    Trial by jury as to all issues so triable; and

F.    Such other relief as this Honorable Court may deem just and appropriate.

DATED this 13th day of January, 2015.


RUDENBERG & GLASSER, P.A.
Counsel for PLAINTIFF
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
t.(954) 463-9518
f.(954) 463-1245
michaelglasserlaw@gmail.com


By:    s/ Michael Glasser
_____
       MICHAEL GLASSER, ESQ.
       Fla. Bar No. 0554367

## SERVICE LIST

Scott Israel, Sheriff
Broward Sheriff's Office
2601 West Broward Boulevard
Fort Lauderdale, Florida 33312


Justin Lambert
Broward Sheriff's Office
300 NE 2nd Street
Deerfield Beach, Florida 33441


Mike Manresa
Broward Sheriff's Office
300 NE 2nd Street
Deerfield Beach, Florida 33441