UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-CIV-60060-BLOOM/Valle

DAVID GONZALEZ,

      Plaintiff,

v.

SCOTT ISRAEL, as Sheriff of
Broward County, Florida, MIKE
MANRESA and JUSTIN LAMBERT,

      Defendants.

_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** came before the Court on the Motion to Dismiss, ECF No. [21] (the "Motion") filed by Defendants Scott Israel, in his capacity as Sheriff of Broward County, Florida ("BSO"), Mike Manresa and Justin Lambert (Manresa and Lambert, the "Deputies," and with BSO, "Defendants").  The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law. For the reasons set forth below, the Motion is **GRANTED.**

## I.      BACKGROUND

This civil action centers on Plaintiff's allegations that the Deputies used excessive force against him, and falsified police reports regarding the same, when Plaintiff was arrested without legal justification in violation of his civil rights in February of 2014.

Plaintiff initiated this action on January 13, 2015.  ECF No. [1] (the "Complaint"). Plaintiff asserts sixteen causes of action:  state law tortious battery against BSO vicariously (Count I), against Manresa (Count II) and against Lambert (Count III); state law negligent retention or supervision against BSO (Count IV); state law malicious prosecution against

CASE NO. 15-CIV-60060-BLOOM/Valle

Lambert (Count V) and against Manresa (Count VI); state law intentional infliction of emotional distress against Lambert (Count VII) and against Manresa (Count VIII); state law false imprisonment against BSO vicariously (Count IX), against Manresa (Count X) and against Lambert (Count XI); false arrest, false imprisonment and the use of excessive force in violation of the Fourth Amendment to the United States Constitution cognizable under 42 U.S.C. § 1983 against Lambert (Count XII) and against Manresa (Count XIII); retaliation with respect to free speech by Lambert (Count XIV) and by Manresa (Count XV) in violation of the First Amendment to the United States Constitution cognizable under 42 U.S.C. § 1983; and failure by BSO to act or train resulting in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (Count XVI).  On February 6, 2015, Defendants filed a motion to dismiss the Complaint.  ECF No. [7].  The Court denied that motion on March 13, 2015.  ECF No. [16]; *Gonzalez v. Israel*, 2015 WL 1143116 (S.D. Fla. Mar. 13, 2015).  Familiarity with the factual background set forth in that Order is assumed.

On April 24, 2015 – as established by documentation submitted with the instant Motion on June 5, 2015 – the State Attorney for the Seventeenth Judicial Circuit as Prosecuting Attorney for Broward County, Florida filed informations as to both Deputies, charging Manresa with two criminal misdemeanors of falsifying records, and Lambert with the same and misdemeanor battery.  *See* ECF No. [21-1] (copies of the criminal informations and summonses).[1]  The battery charge against Lambert was upgraded to a felony charge on June 5, 2015.  *See* ECF No. [29-3] (copy of docket in Lambert's state court criminal case).  The criminal charges against the

---

[1] The Court has also taken judicial notice of the records in the criminal cases filed against the Deputies. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir. 2006) (courts may take

CASE NO. 15-CIV-60060-BLOOM/Valle

Deputies arise directly from the incident involving Plaintiff on February 18, 2014 and the subject of the instant suit.  Defendants now seek to stay this matter pending resolution of the Deputies' criminal proceedings.

## II.     DISCUSSION

"A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'"  *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12-13 & n. 27 (1970)).  "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'"  *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)).  "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay."  *S.E.C. v. Wright*, 261 F. App'x 259, 262-63 (11th Cir. 2008).  That is, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter."  *Lay v. Hixon*, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009); *Dean v. Douglas*, 2012 WL 6151137, at *3 (M.D. Ga. Dec. 11, 2012) (same).

"The Eleventh Circuit has articulated a narrow set of circumstances which require that a stay be granted." *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, at *1 (S.D. Fla. Aug. 19, 2009); *see also Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) (identifying "cases from outside this

---

judicial notice of public records, such as a complaint filed in another court); *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 n. 5 (11th Cir. 2014) (same).

CASE NO. 15-CIV-60060-BLOOM/Valle

jurisdiction which utilize more lenient standards for staying civil proceedings when there is a pending criminal proceeding against the same defendant"). Courts here must consider "whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990)); *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1301 (S.D. Fla. 2014) (same); *Sunbelt Bus. Grp., Inc. v. Coker*, 2011 WL 1790179, at *2 (M.D. Fla. Apr. 19, 2011) (same). "[T]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding." *Lauer*, 2009 WL 800144, at *3; *Securities & Exchange Comm. v. Rehtorik*, 755 F. Supp. 1018 (S.D. Fla. 1990) (stay denied where court found that defendants' exercise of Fifth Amendment rights would not give rise to automatic liability); *Shell Oil*, 866 F. Supp. at 541-42 (stay denied where defendant invoking privilege would not be subject to summary disposition as a result). Rather, "[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Lauer*, 2009 WL 800144, at *2 (emphasis added); *Pozdol*, 996 F. Supp. 2d at 1301 (same); *see United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991), *as amended* (Nov. 5, 1991) ("[T]he invocation of the privilege must result in an adverse judgment, not merely the loss of his most effective defense.") (quotation omitted).

Accordingly, the critical factors in this analysis are the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast, whether an indictment or its equivalent has been issued; and the specificity of the

4

CASE NO. 15-CIV-60060-BLOOM/Valle

invocation of the Fifth Amendment privilege relative to the civil proceeding.  *See*, *e.g.*, *Love v. City of Lanett*, 2009 WL 2525371, at *2 (M.D. Ala. Aug. 17, 2009) ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay.") (citation omitted); *Doe 1 v. City of Demopolis*, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009) (same, noting that the degree of overlap is critical because absent such overlap there would be no need for a stay); *Lay*, 2009 WL 1357384, at *3 (same, highlighting the considerable factual overlap between the civil and criminal cases under consideration); *Coquina Investments v. Rothstein*, 2011 WL 2530945, at *2 (S.D. Fla. June 24, 2011) (finding that no pending parallel criminal proceeding existed where no indictment had been filed); *Global Aerospace*, 2009 WL 2589116, at *1 (finding that, at early stage in proceedings, argument that factual overlap between the civil and criminal cases would require abrogation of the movant's Fifth Amendment privilege was too broad and therefore "akin to a 'blanket' assertion"); *Rothstein*, 2011 WL 2530945, at *2 (movant "failed to show why it [could] not substantiate its defense by using the testimony of other parties, expert testimony, or other evidence" rather than the testimony precluded by invocation of the Fifth Amendment); *A.B. ex rel. Baez v. Seminole Cnty. Sch. Bd.*, 2005 WL 2614622, at *2 (M.D. Fla. Oct. 14, 2005) (requiring movant to "assert her privilege against self-incrimination . . . on a question-by-question basis").

The Court finds that Defendants have met their burden here.  There is an overwhelming degree of overlap between Plaintiff's civil claims and the criminal informations filed against the Deputies.  Both cases arise from identical circumstances.  The Deputies have been charged criminally for the very acts Plaintiff here claims give rise to civil liability.  Their exposure to criminal penalty is not merely hypothetical.  The State Attorney filed an information against

CASE NO. 15-CIV-60060-BLOOM/Valle

Manresa and Lambert and upgraded Lambert's charges to felony battery. Central to both actions will be establishing whether the Deputies' use of force against Plaintiff on the evening in question was proper and whether they subsequently lied about their conduct. The Deputies will invoke their Fifth Amendment rights against self-incrimination when questioned, in discovery and at trial, precisely about the facts critical to nearly all if not all of the claims asserted by Plaintiff here. Based on Plaintiff's allegations in the Complaint, the Deputies appear to be the only eye-witnesses to their interaction with Plaintiff potentially capable of providing exculpatory testimony in support of their defense. The Deputies will be forced to choose whether to defend themselves in this civil action or risk exposure to criminal sanction by waiving their Fifth Amendment rights. By all accounts, and noting Plaintiff's burden to establish civil liability here, the Deputies face all but certain loss of the instant civil proceeding absent the requested stay.

Further, the pending criminal proceedings will inhibit BSO from fully participating in discovery and from mounting its own defense against Plaintiff's section 1983 claims: its files relevant to the Deputies' criminal cases remain protected and not subject to public disclosure. *See generally* Fla. Stat. § 119.011(3) (criminal investigative information is exempt from disclosure); Fla. Stat. § 119.071(2) (active criminal intelligence information and active criminal investigative information are exempt from disclosure); Fla. Stat. § 943.1395(6)(b) (reports or investigations in law enforcement officers' misconduct are exempt from disclosure until a determination is made by the relevant agency); Fla. Stat. § 112.432(4)(b) (provides for confidentiality during ongoing disciplinary investigations).

Accordingly, the Court will stay and administratively close this matter pending resolution of the criminal proceedings against both Manresa and Lambert. *See*, *e.g.*, *Ventura v. Brosky*, 2006 WL 3392207, at *1-2 (S.D. Fla. Nov. 21, 2006) (staying and administratively closing civil

6

CASE NO. 15-CIV-60060-BLOOM/Valle

case due to parallel criminal proceeding against defendant police department employee who would invoke his Fifth Amendment rights); *United States v. Pinnacle Quest Int'l*, 2008 WL 4274498, at *1-2 (N.D. Fla. Sept. 11, 2008) (staying government's civil tax evasion case pending resolution of an active, parallel criminal investigation); *Lay*, 2009 WL 1357384, at *4 (staying civil proceeding in light of pending criminal case with considerable factual overlap and presenting significant prejudice to moving party); *Dean*, 2012 WL 6151137, at *4 (staying civil case upon "recognize[ing] that any discovery in this action would largely result in the same repeated insistence" of the Fifth Amendment and that "participating fully in civil discovery could cause irreparable harm and prejudice to Defendants in their criminal defenses"); *Demopolis*, 2009 WL 2059311, at *3 (staying where central facts and issues in civil and criminal matters were identical). The Court intends to avoid potential prejudice to Plaintiff from delay in the criminal proceedings. *See Diaz v. Jenne*, 2007 WL 624286, at *1 (S.D. Fla. Feb. 23, 2007) (declining to "hinder the trial of this matter based upon a sluggish and nebulous criminal proceeding") (citing *See Ortega Trujillo v. Conover & Co. Commc's, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000) (stay or delay of indefinite duration would be inequitable and improper)). Accordingly, the stay will expire by its own terms one hundred and twenty days from entry of this order, or upon resolution of the criminal proceedings, whichever is sooner.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Motion, ECF No. [21], is **GRANTED**, as set forth herein.

2.      The Court's consideration of this case is **STAYED**, and the case is administratively **CLOSED**, for a duration of one hundred and twenty (120) days, or until resolution of the currently pending criminal proceedings against

CASE NO. 15-CIV-60060-BLOOM/Valle

Defendants Manresa and Lambert, whichever is sooner.

3.      The Clerk is directed to **CLOSE** this matter for administrative purposes only.

4.      In the event of the conclusion of the criminal proceedings prior to the one hundred and twenty day period, the parties must **FILE** a motion to lift the stay and reopen the case within ten (10) days of receiving notice.

5.      Thirty (30) days prior to the expiration of such stay, the parties must each **FILE** a status report regarding the status of the criminal proceedings, and a five (5) page memorandum articulating whether continuation of the stay is necessary.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 8th day of July, 2015.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record